SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiff, CORNELIUS BANKS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CORNELIUS BANKS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; CHECK 'N GO OF CALIFORNIA, INC.; DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br>   1. **FEDERAL FAIR CREDIT REPORTING ACT,**<br>   2. **CALIF. CONSUMER CREDIT REPORTING AGENCIES ACT**<br>   3. **BREACH OF CONTRACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE CALIFORNIA SUPERIOR COURT JUDGE:

     Plaintiff, CORNELIUS BANKS, an individual, by and through his attorneys of record, BABAK SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complains and alleges as follows.

## INTRODUCTION

    1.    CORNELIUS BANKS, ("Plaintiff"), by and through his attorneys, brings this Complaint against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Defendant EXPERIAN") for failing to process his written dispute, and take certain mandatory actions in response thereto, as required by the federal Fair Credit

Reporting Act (15 U.S.C. §§ 1682-1681x) ("FCRA"), as well as against Defendant CHECK 'N GO OF CALIFORNIA, INC. (hereinafter "Defendant CNG"), for state law cause of action for breach of contract and furnishing inaccurate/incomplete/misleading information in violation of Calif. Civ. Code §1785.25(a) of the California Consumer Credit Reporting Agencies Act ("CCCRAA").

## JURISDICTION & VENUE

2.      This action arises out of Defendant EXPERIAN's violations of the FCRA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  Jurisdiction arises pursuant to 28 U.S.C. §1367 for supplemental state claims.

3.      Because Defendants both regularly conduct business within the State of California, personal jurisdiction is established.

4.      Because all tortious conduct occurred while Plaintiff resided in the County of Riverside, City of Temecula, and witnesses are present within the County of Riverside, venue properly lies in this court pursuant to 28 U.S.C. §1391.

## PARTIES & DEFINITIONS

5.      Plaintiff is a natural person whose permanent residence is in the City of Temecula, County of Riverside, State of California.

6.      Defendants both regularly conduct business in the County of Riverside, State of California.

7.      Plaintiff is a natural person, and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the Federal FCRA and Calif. Civ. Code § 1785.3(b) of the California CCRAA.

8.      The causes of action herein partially pertain to Plaintiff's "consumer credit reports", as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRAA and 15 U.S.C. § 1681a(d)(1) of the Federal FCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer

credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

9. Defendant CNG is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Calif. Civ. Code § 1785.3(j) of the California CCRAA and 15 U.S.C. § 1681a(b) of the Federal FCRA.

10. Defendant EXPERIAN is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the Federal FCRA and Calif. Civil Code § 1785.3(d) of the California CCRA, as it regularly engages in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

11. In September 2016, Plaintiff and Defendant CNG entered into a written agreement that required Defendant to submit a request to delete any and all negative tradelines associated with a particular account within 10 days of Plaintiff providing to Defendant his signature upon the written agreement.

12. The written agreement specifically provides for recovery of reasonable attorneys' fees and costs by the prevailing party who needs to seek formal enforcement of any provision of the agreement.

13. Defendant executed the written agreement on September 22, 2016.

14. Plaintiff executed the written agreement on September 21, 2016.

15. Therefore, Defendant had until September 31, 2016 to submit a request to delete the negative tradeline of the account in order to comply with the written agreement.

16. On or about January 24, 2017, Plaintiff discovered that his EXPERIAN

consumer credit report still reflected the negative tradeline that Defendant agreed to delete.

17. Plaintiff discovered this information because he was denied an attempt to obtain credit from San Diego County Credit Union by letter dated January 24, 2017.

18. This letter specifically advised Plaintiff that the decision to reject his application for credit was based upon his EXPERIAN report, and was at least substantially based upon his EXPERIAN report containing derogatory credit history.

19. The inquiries section upon Plaintiff's EXPERIAN report confirms that EXPERIAN published Plaintiff's credit report to the following third parties: 1) San Diego County Credit Union on January 20, 2017; 2) EXXON/CBNA on October 8, 2016; and 3) Equifax Mortgage Services on January 8, 2017.

20. Because CNG never deleted the negative account, then that means Plaintiff's EXPERIAN report was published to all of the above third parties with the derogatory account information that should have been deleted as of September 31, 2016.

21. After receiving this denial from San Diego County Credit Union, Plaintiff obtained his EXPERIAN report on the same date, January 24, 2017, and discovered that the only derogatory credit history listed on his EXPERIAN report was the derogatory account that CNG had previously agreed to delete.

22. The failure of CNG to delete the derogatory account creates the false and misleading impression that he presently owes upon the account to CNG and is presently failing to address his financial obligations to CNG, whereas in reality he did not any longer owe CNG and no longer had any liability to CNG.

23. Plaintiff caused to be delivered to EXEPRIAN a written dispute letter dated January 24, 2017 that specifically indicated that the tradeline was to have been deleted, and specifically requested that EXPERIAN notify CNG that the tradeline is being disputed and that an investigation must result in the tradeline being deleted.

24. Tracking information from the U.S. Postal Service certified mail return

4

**Complaint for Damages and Injunctive Relief**

receipt shows that the dispute letter was delivered to EXPERIAN on January 28, 2017, and was physically retrieved by "Billy Kimble" on January 30, 2017.

25. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant EXPERIAN, pursuant to Calif. Civ. Code § 1785.16 of the California CCRAA (emphasis added):

(a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, *__the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user__*, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.

(b) In conducting that reinvestigation *__the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information__*. If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that

**Complaint for Damages and Injunctive Relief**

the consumer's dispute is frivolous or irrelevant. *__If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file__*.

26. At all times during the aforementioned actions, there was in full force and effect the following obligation upon Defendant, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the Federal FCRA (emphasis added):

(a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *__the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate__* and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(a)(5)(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

   (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

   (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

27. Because EXPERIAN received Plaintiff's written dispute on January 28, 2017, EXPERIAN had until February 28, 2017 to comply with its reasonable investigation.

**Complaint for Damages and Injunctive Relief**

28.  Moreover, 15 U.S.C. §1681i(a)(2) requires EXPERIAN to notify the furnisher (here, CNG) of the dispute within 5 business days of receiving the notice of dispute, so that the furnisher could also conduct its own reasonable re-investigation of the accuracy of the reporting in response to the consumer's dispute.

29.  Moreover, 15 U.S.C. §1681i(a)(5)(A), EXPERIAN was required to promptly delete any information that is found to be inaccurate, incomplete, or cannot be verified.

30.  Moreover, 15 U.S.C. §1681i(c), EXPERIAN was required to mark as "disputed" any information that the consumer disputes but is not deleted.

31.  All of EXPERIAN's required actions were to have been completed by February 28, 2017.

32.  As of March 9, 2017, however, Plaintiff has not received any response from EXPERIAN confirming that it complied with any of the mandatory provisions of the FCRA and the Calif. CCRAA.

33.  Plaintiff purchased a new credit report from EXPERIAN on March 9, 2017.

34.  Plaintiff's new credit report dated March 9, 2017 shows that EXPERIAN has failed to take any action at all with respect to the dispute that it received from Plaintiff on January 28, 2017.

35.  By failing to take any of the mandatory actions, Plaintiff has therefore been deprived of the protections to which he is entitled by the FCRA and the Calif. CCRAA.

36.  As a result, Plaintiff's attempts to obtain Defendant CNG's compliance with the 2016 agreement have gone unfulfilled.

37.  Upon information and belief, Defendant's violations of the above are willful, because Defendant knowingly and deliberately ignored its obligation to delete the negative tradeline and deliberately refused to request such deletion upon being notified by Trans Union of Plaintiff's written dispute.

38.  Plaintiff has suffered actual damages by way of loss of credit opportunity,

denial of credit, reduction in credit score, as well as mental anguish and emotional distress such as nervousness, embarrassment, loss of sleep, and feelings of distraught and helplessness.

39. Every day that Plaintiff has been deprived of a credit report free of the negative account reported by CNG is another day that Plaintiff has lost in his ability to apply for credit because he knows that his EXPERIAN report shows CNG as the only derogatory credit history.

**FIRST CAUSE OF ACTION**
**FEDERAL FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681i**
**(as against Defendant EXPERIAN only)**

40. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

41. Plaintiff submitted a written dispute to the consumer credit reporting agency EXPERIAN on January 28, 2017, in which he specifically explained that a written agreement between him and Defendant CNG required CNG to delete the tradeline, and specifically requested that EXPERIAN inform CNG of the dispute and to request that CNG conduct an investigation therein and to then delete the tradeline.

42. However, Defendant EXPERIAN failed to comply with its requirements under 15 U.S.C. §1681i(a)(2) by failing to inform CNG of the dispute within 5 business days.

43. Moreover, EXPERIAN failed to comply with its requirements under 15 U.S.C §1681i(a)(1)(A) by failing to conduct a reasonable re-investigation within 30 days.

44. Moreover, EXPERIAN failed to comply with its requirements under 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the information found to be inaccurate, incomplete, or cannot be verified.

45. Moreover, EXPERIAN failed to comply with its requirements under 15

U.S.C. §1681i(c) by failing to mark as "disputed" the disputed information.

46. Plaintiff is informed and believe that EXPERIAN's violations were negligent at a minimum, because a reasonable person would have simply processed the dispute as required by law, yet Defendant failed to undertake that simple task.

47. Plaintiff is also informed and believes that EXPERIAN's violations were willful, in that EXPERIAN certainly knows of its obligations under 15 U.S.C. §1681i, EXPERIAN has been sued hundreds (if not thousands) of times throughout the nation for violations of 15 U.S.C. §1681i, EXPERIAN has been the subject of multiple judgments for violations of 15 U.S.C. §1681i, yet EXPERIAN disregarded a high degree of risk that its refusal to simply process the dispute as required by law would result in the information remaining on Plaintiff's credit reports and continuing to the basis for denials of credit.

48. As a result of these negligent and willful violations, Plaintiff has suffered actual damages as explained in the statement of facts above.

## SECOND CAUSE OF ACTION
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## Calif. Civ. Code § 1785.16
## (as against Defendant EXPERIAN only)

49. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

50. Defendant EXPERIAN violated Calif. Civ. Code § 1785.16 of the California CCRAA when it failed to conduct a reasonable investigation into Plaintiff's written dispute.

51. Plaintiff is informed and believe that EXPERIAN's violations were negligent at a minimum, because a reasonable person would have simply processed the dispute as required by law, yet Defendant failed to undertake that simple task.

52. Plaintiff is also informed and believes that EXPERIAN's violations were willful, in that EXPERIAN certainly knows of its obligations under §1785.16,

EXPERIAN has been sued hundreds (if not thousands) of times throughout the State of California for violations of §1785.16, EXPERIAN has been the subject of multiple judgments for violations of §1785.16, yet EXPERIAN disregarded a high degree of risk that its refusal to simply process the dispute as required by law would result in the information remaining on Plaintiff's credit reports and continuing to the basis for denials of credit.

53. As a result of these negligent and willful violations, Plaintiff has suffered actual damages as explained in the statement of facts above.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT
### (as against Defendant CNG only)

54. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

55. Defendant and Plaintiff executed a written agreement in September 2016.

56. Defendant failed to comply with this agreement by failing to request, within 10 days of Plaintiff's execution of the agreement, that EXPERIAN delete any negative reporting of the tradeline.

57. As a result, Plaintiff has suffered actual damages as explained in the statement of facts above.

58. The written agreement calls for reasonable attorneys' fees and costs to be awarded to the prevailing party for enforcing the agreement.

59. As a result of Defendant's breach, Plaintiff has been forced to incur attorneys' fees and costs to seek formal enforcement of the written agreement, when Defendant could have avoided this action by simply requesting that the tradeline be deleted in compliance with the written agreement.

60. Because this cause of action is focused upon Defendant's failure to comply with the written agreement, it is therefore not pre-empted by the Federal FCRA, because such pre-emption only applies when the state law cause of action is covered by

(or conflicts with) a specific statute within the FCRA, and there is no statute within the FCRA that addresses a party's breach of a written agreement to update reporting with specific information.

### THIRD CAUSE OF ACTION
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Calif. Civ. Code § 1785.25
### (as against Defendant CNG only)

61. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

62. As the furnisher of information to credit reporting agencies, Defendant CNG is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRAA.

63. Even if the derogatory reporting is technically accurate, it is still a violation of this law if the derogatory reporting is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

64. Defendant CNG violated its obligations under Section 1785.25(a) of the Calif. CCRAA by reporting the negative account to EXPERIAN and failing to delete the reporting as required by the September 2016 written agreement.

65. Such false and inaccurate reporting has caused Plaintiff actual damages as explained in the statement of facts above.

66. Plaintiff is informed and believes that Defendant CNG's violations were negligent at a minimum, but were willful in that CNG acted with such a high degree of risk of committing a legal violation that was higher than mere carelessness, because Defendant executed the written agreement September 2016 that required it to delete any negative reporting that claims Plaintiff owes any sum to CNG upon the account.

11
**Complaint for Damages and Injunctive Relief**

67.     This cause of action is not pre-empted by the Federal FCRA, because 15 U.S.C. § 1681t(b)(1)(F)(ii) explicitly saves from pre-emption any cause of action for violation of §1785.25(a)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants individually, and Plaintiff be awarded damages as follows:

1. Actual damages in the amount of $25,000.00 from all Defendants jointly and severally, or as the jury may allow;

2. Plus punitive damages of $5,000.00 for each individual willful violation of the Calif. CCRAA, as against each Defendant individually, pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);

3. Plus statutory damages of $1,000.00 for each individual willful violation of the Federal FCRA, as against Defendant EXPERIAN only, pursuant to 15 U.S.C. §1681n(a)(1)(A);

4. Plus punitive damages in an amount to be determined by a jury for willful violations of the Federal FCRA, as against Defendant EXPERIAN, pursuant to 15 U.S.C. §1681n(a)(2);

5. Injunctive relief to order Defendant to remove the report from Plaintiff's consumer credit reports, pursuant to Calif. Civ. Code § 1785.31(b);

6. Any reasonable attorney's fees and costs to maintain the instant action.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

SEMNAR & HARTMAN, LLP

DATED: 3/13/17         /s/ *Jared M. Hartman*
                       JARED M. HARTMAN, ESQ.
                       Attorneys for Plaintiff